UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANGELA COMPTON,
    Plaintiff,

Case No. 1:12-cv-00954
Litkovitz, M.J.

vs.

HON. MICHAEL B. DONLEY
SECRETARY OF THE AIR FORCE,
    Defendant.

ORDER

    This matter is before the Court on plaintiff's motion for adoption of the Initial Discovery Protocols for Employment Cases in lieu of the Rule 26 Disclosures in this case (Doc. 15), defendant's response (Doc. 20), and plaintiff's reply memorandum (Doc. 21). For the reasons that follow, the motion is granted.

    The Initial Discovery Protocols for Employment Cases were developed under the auspices of the Judicial Conference Advisory Committee on the Federal Rules of Civil Procedure and are designed to be implemented as a pilot project by individual judges throughout the United States District Courts. (Doc. 15, Exh. E). The Protocols are intended to "encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery." *Id.* A nationwide committee of plaintiff and defense attorneys highly experienced in employment matters, led by U.S. District Judge John Koeltl of the Southern District of New York, developed the Protocols over the course of one year. The information and documents identified for exchange under the Protocols, unlike initial Fed. R. Civ. P. 26(a)(1) disclosures, are focused on

the type of information most likely to be useful in narrowing the issues in employment discrimination cases alleging adverse action. *Id.* The initial discovery exchange under the Protocols replaces the Rule 26(a) initial disclosure process, with the goals of focusing disputed issues, streamlining the discovery process, and minimizing opportunities for gamesmanship. *Id.*

Plaintiff seeks adoption of the Protocols in this employment case, arguing the Protocols will result in the production of more relevant information than the Rule 26 disclosures; eliminate time-consuming discovery requests, responses, objections and discovery motions that would delay this case substantially; and lead each side to make an early assessment of its case and to possibly reach an early settlement.

Defendant opposes adoption of the Protocols in this case, arguing that if the Protocols are to be adopted, it should be by the Local Rules Committee on a district-wide basis, rather than by individual judges. Defendant also asserts that plaintiff has not made a particularized showing of a need for the Protocols in this case, such as a showing that this case will be hampered by anticipated discovery disputes.

Defendant's objections to adoption of the Initial Discovery Protocols for Employment Cases in lieu of the Rule 26 Disclosures in this case are not well-taken. The undersigned determines that adoption of the Protocols should not depend on a showing of anticipated discovery problems in a particular case. The Protocols, by their very nature, are designed to facilitate the discovery process and minimize the potential for discovery disputes, regardless of the particular case before the Court. In the experience of the undersigned magistrate judge, the Protocols address the precise discovery issues that often arise in employment discrimination lawsuits, and their adoption should streamline the discovery process in this case. Adoption of the

Protocols will also assist the parties in framing the issues to be resolved and lead to more efficient and targeted discovery. As the Protocols are designed to be adopted by individual judges pursuant to standing order, and do not require a change to the Local Rules, adoption of the Protocols by the undersigned is consistent with the nature and purpose of the pilot project.

Accordingly, plaintiff's motion for the adoption of the Initial Discovery Protocols for Employment Cases in lieu of the Rule 26 Disclosures is **GRANTED**. The parties are **ORDERED** to comply with the Standing Order issued this date with one exception: the parties shall provide to one another the documents and information described in the Initial Discovery Protocols for the relevant time period **within 30 days** of this Order (as opposed to 30 days following the defendant's submission of a responsive pleading or motion).

**IT IS SO ORDERED.**

Date: 5/21/13

Karen L. Litkovitz
United States Magistrate Judge