**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ANGELA COMPTON, | : | Case No. 1:12-CV-954 |
| Plaintiff, | : | Magistrate Judge Karen L. Litkovitz (Consent) |
| -vs- | : | |
| HON. MICHAEL B. DONLEY, Secretary of the U.S. Air Force, | : | Magistrate Judge Michael J. Newman (Mediator) |
| Defendant. | : | |

---

**ORDER FOR COURT-CONDUCTED MEDIATION**

---

The above-captioned action is hereby set for mediation on **Tuesday, August 27,  2013,** in the Chambers of Magistrate Judge Michael J. Newman, Room 505, at the United States Courthouse and Federal Building, 200 West Second Street, Dayton, Ohio, 45402.  **Plaintiff is ordered to arrive no later than 10:00 a.m.; Defendant is ordered to arrive no later than 11:00 a.m.**  The terms and conditions of the mediation are as follows:

**Designation of Mediator:**   On Order of the presiding Magistrate Judge, the undersigned will serve as the mediator in this case.  The case remains assigned for trial and all other purposes to Magistrate Judge Litkovitz.

**Preparation for Mediation:**  Not later than **Monday, August 12, 2013**, each party is **ORDERED** to submit a "Mediation Statement" to the Court. Parties are directed to submit their statement to the Court via e-mail at:  **newman_chambers@ohsd.uscourts.gov**.  The statement shall set forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers/counter-offers that have been conveyed.   Written statements should not exceed five pages in

length.  Parties may send to the same email address any important documents/exhibits as necessary, so long as those documents will aid in the Court's understanding of the party's position.  **The contents of each party's statement and attached exhibits will not be shared with the other party, and will only be used to assist the mediator in understanding the parties' respective positions**.  These statements will be maintained by the Court separate and apart from the case file.

In addition, counsel for each party is **ORDERED** to submit to their client and the Court (via email to **newman_chambers@ohsd.uscourts.gov**) by **Monday, August 12, 2013** a non-binding, detailed projected litigation budget.  The budget shall include projected costs and fees for the remaining pretrial issues in this case, including but not limited to depositions, written discovery, motions for summary judgment, and oral arguments before the Court.  Each party's litigation budget is not to be shared with the opposing party, and shall not be filed on the Court's electronic filing system.

**Attendance and Participation:**  Plaintiff shall attend the mediation.  Because Defendant is a branch of the military, whose standard practice is to convey settlement authority and amounts to counsel, the officer vested with settlement authority shall be available by telephone.

**Confidentiality:**  Pursuant to S. D. Ohio Civ. R. 16.3(c), all statements made by the parties relating to the substance or merits of claims or defenses made in the case, whether written or oral, made for the first time during the mediation conference or in the mediation conference statements required above shall be kept confidential by the Court, the parties, and counsel, and shall not be admissible in evidence for any reason during the trial of this case.  This provision does not preclude admissibility in other contexts, such as a motion for sanctions regarding the mediation conference.

**Sanctions:**  This mediation session is scheduled in the Court for **one full day**; the Court will use its best efforts not to schedule anything else on the same day.  Accordingly, the Court's

expectation is that all who attend the mediation will make reasonable efforts to come to the mediation session prepared to attempt settlement in good faith.  The Court has no doubt of the good faith of the counsel and the parties involved in this case.  Out of an abundance of caution, however, the Court advises that failure to comply with any portion of this Order is sanctionable under Fed. R. Civ. P. 16(f) and S.D. Ohio Civ. R. 16.3(e)(4).  To that end, this Order shall constitute notice for purposes of S.D. Ohio Civ. R. 16.3(e)(4).  This provision applies to counsel, the parties, insurance representatives, and all others who attend the mediation.  The Court may sanction any party, attorney, insurance representative, or other mediation attendee who engages in acts of bad faith, who purposely acts to impede the mediation process in any manner, or who violates any provision of this Order.

Additionally, all attorneys, insurance representatives, and parties (and their representatives) are required to each stay until the end of the mediation session, which may run well past regular Court business hours and well into the night, if necessary.  Those attending the mediation session who make travel arrangements shall plan to travel back to their offices the day **after** the mediation session and **not the day of the mediation.**  Mediation attendees shall **not** be excused from the mediation session because of another commitment, or in order to "catch a flight" or return to the airport, even if they remain available thereafter by cell phone or email.  Accordingly, all of those attending the mediation should make any necessary arrangements to stay until dismissed by the Court.

**IT IS SO ORDERED.**

June 14, 2013

**s/Michael J. Newman**
United States Magistrate Judge

3